LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GUARDIANSHIP OF F.Y., an Incapacitated Person

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT (HILO)
(FC-G NO. 05-1-0006)

ORDER GRANTING OCTOBER 14, 2009 MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of (1) Petitioner-Appellee State of Hawai'i Department of Human Services' (Appellee DHS) October 14, 2009 motion to dismiss appellate court case number 29690 for lack of jurisdiction and (2) the record, it appears that we do not have jurisdiction over the appeal that Respondent-Appellant Velda M. Yamanaka (Appellant Yamanaka) has asserted from a January 7, 2009 order that Appellant Yamanaka claims the Honorable Glenn S. Hara filed in this case. The record on appeal does not contain an order dated January 7, 2009. Appellee DHS argues that Appellant Yamanaka's March 5, 2009 notice of appeal is not timely as to the two most recent orders in this case, i.e.,

- the Honorable Glenn S. Hara's June 6, 2008 "Order Granting Ex Parte Motion for Order Authorizing the Ward's Placement on the Mainland[,]" and

- the Honorable Ben H. Gaddis's March 8, 2005 "Order Appointing Guardian of the Person[.]"

However, rather than concluding that Appellant Yamanaka's March 5, 2009 notice of appeal is untimely, we conclude that the family court has not entered a judgment or an order that is appealable pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006) and Rule 34 of the Hawai'i Probate Rules (HPR).

Therefore, Appellant Yamanaka's appeal is premature, and we lack appellate jurisdiction. For this reason, Appellee DHS's October 14, 2009 motion to dismiss appellate court case number 29690 for lack of jurisdiction has merit.

Appellee DHS initiated this proceeding by petitioning a family court to appoint a guardian for an incapacitated adult person pursuant to HRS § 560:5-304 (2006). The family court appears to have assumed jurisdiction over this guardianship proceeding pursuant to HRS § 571-14(d) (2006). At the conclusion of a family court proceeding, "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54 (2006). In circuit court cases, a party may appeal from "final judgments, orders, or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2008). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Pursuant to HPR Rule 1, the Hawai'i Probate Rules apply to guardianship proceedings under HRS Chapter 560, Article V, Part 3. HPR Rule 34 generally requires the trial court to reduce an order establishing guardianship to a separate judgment as a prerequisite for appealability:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.

(b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.

(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

(d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). One exception to the requirement for a judgment is in HPR Rule 34(b), which authorizes an appeal if the probate court certifies an interlocutory order for appeal in accordance with HRS § 641-1(b). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994)." Commentary to HPR Rule 34. Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Therefore, under HRS § 571-54 and HPR Rule 34, an order from a family court guardianship proceeding is eligible for appellate review only if the family court either

(a)   reduces the order to a separate judgment pursuant to HPR Rule 34(a),

      (b)     certifies the order for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP) pursuant to HPR Rule 34(a), or

      (c)     certifies the order for an interlocutory appeal in accordance with HRS § 641-1(b) pursuant to HPR Rule 34(b).

The family court has not reduced any of its orders in this guardianship proceeding to a separate judgment. The family court has not certified any of its orders in this guardianship proceeding for appeal in the manner provided by HRCP Rule 54(b). The family court has not certified any of its orders in this guardianship proceeding for an interlocutory appeal in accordance with HRS § 641-1(b). Therefore, family court has not entered a judgment or an order that is appealable pursuant to HRS § 571-54 and HPR Rule 34. Absent an appealable judgment or an appealable order, Appellant Yamanaka's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellee DHS's October 14, 2009 motion to dismiss appellate court case number 29690 for lack of jurisdiction is granted, and appellate court case number 29690 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 5, 2010.

Chief Judge

Associate Judge

Associate Judge

-4-